UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WELCH PRINTING COMPANY	PLAINTIFF

v.	CIVIL ACTION NO. 3:11CV-599-S

ELI RESEARCH, INC. a/k/a
ACADEMY ASSOCIATION, INC., et al.	DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on motions of the defendants to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1)(DNs 17, 18, 19 20, 21). Defendant Greg. E. Lindberg also asserts grounds of lack of personal jurisdiction and failure to state a claim upon which relief may be granted for dismissal of the claims against him. All of these grounds for dismissal are rejected herein. For the reasons stated, the motions will be denied.

Welch alleges that the defendant business entities obtained printing services on credit extended by Welch for which they have not paid. However, Welch alleges more than a mere failure of the defendants to pay their bills. In a nutshell, the complaint claims that Welch was wrongfully induced to extend credit to these entities in reliance on misrepresentations or omissions of fact as to the credit worthiness of the defendants. Welch alleges that the defendants acted in concert in creating a false impression as to their ability to pay for goods and services purchased from Welch. It alleges that the business entities are owned and/or controlled by Greg E. Lindberg, and are not actually operated as separate entities, despite their denomination as such. Welch further alleges that Lindberg has directed the business entities not to pay the debts to Welch.

The so-called "entity defendants,"[1] Eli Research, Inc. a/k/a Academy Association, Inc., Eli Research, LLC, Practice Builders, LLC, Zweig White, LLC, Zweig White Media, LLC, ZweigWhite Media, LLC, and Coding Institute, LLC, all non-Kentucky entities, are alleged to have regularly engaged in business with plaintiff Welch Printing Company, a Kentucky Corporation, over a number of years. Welch contends that the business it conducted with these entities constituted a regular and persistent course of conduct in the Commonwealth from which the defendants derived substantial revenue from goods and services provided by Welch. Welch contends that it suffered tortious injury in Kentucky when it was induced by the defendants, through misrepresentations and omissions of fact, to extend credit for goods and services purchased by the defendants during the course of their business dealings.

Each entity defendant has moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) on the ground that the claim against it does not meet the jurisdictional threshold of $75,000.00.

Paragraph 14 of the complaint contains a claim for $81,924.30 purportedly for goods and services provided to the Zweig White defendants operating under the moniker "Zweig/White Publications." Taking the allegations of the complaint at face value, as the defendants have offered nothing to the contrary, this claim would satisfy the jurisdictional threshold of $75,000.00. With one claim meeting the jurisdictional threshold to establish diversity jurisdiction, the remaining claims for lesser sums may be considered by the court under our supplemental jurisdiction. The court may exercise supplemental jurisdiction over claims so related to a claim under the court's original jurisdiction as to form part of the same case or controversy. 28 U.S.C. § 1367.

---

[1] The defendants refer to the business entities as the "entity defendants" to distinguish them from defendant Lindberg.

Additionally, the complaint alleges that despite the denomination of the defendants as separate business entities, no business formalities were observed, and entities were operated as one business, wholly owned and/or controlled by Lindberg. The complaint alleges that the entity defendants participated with Lindberg in making the misrepresentations to Welch. Thus Welch contends that the action involves an aggregate sum in excess of $200,000.00 for which all defendants are jointly liable. The parties agree that claims for which defendants may be jointly liable may be aggregated for purposes of ascertaining the amount in controversy. *Charvat v. NMP, LLC*, 656 F.3d 440, 446 (6th Cir. 2011)("Charvat alleges that Defendants are jointly and severally liable for each of the multiple claims brought pursuant to the TCPA and Ohio law...We thus can aggregate Charvat's claims to determine whether the total alleged exceeds $75,,000."). The defendants contend, however, that each entity defendant is a separately-run business, and therefore there should be no aggregation of damages.

In challenging Welch's aggregation of the unpaid sums, the defendants take issue with allegations in the complaint that there was a disregard for business formalities. They also challenge Welch's contentions concerning the nature and degree of control by Lindberg. These challenges constitute a factual attack on the subject matter jurisdiction alleged in the complaint. This challenge goes to the very heart of Welch's claims.

As explained in *Gentek Building Products, Inc. v. Sherwin-Williams Company*, 491 F.3d 320, 330-31 (6th Cir. 2007), cited recently in *Carrier Corp. v. Outokumpu OYJ*, 673 F.3d 430, 443-44 (6th Cir. 2012),

> [W]hat really is at issue here is a jurisdictional challenge to the allegations of the complaint. Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack on the

subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading. *Id.* When reviewing a facial attack, a district court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) to dismiss. *Id*. If those allegations establish federal claims, jurisdiction exists.

Where, on the other hand, there is a factual attack on the subject-matter jurisdiction alleged in the complaint, no presumptive truthfulness applies to the allegations. *Id.* When a factual attack, also known as a "speaking motion," raises a factual controversy, the district court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist. *Id*.

...But a district court engages in a factual inquiry regarding the complaint's allegations only when the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim. *Garcia v. Copenhaver, Bell & Assocs.,* 104 F.3d 1256, 1261 (11th Cir. 1997). If, on the other hand, an attack on subject-matter jurisdiction also implicates an element of the cause of action, then the district court should "*find that jurisdiction exists* and deal with the objection as a direct attack on the merits of the plaintiff's claim." *Id.* (quoting *Williamson*, 645 F.2d at 415-16)(emphasis added)). This provides a "greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6)...or Rule 56...both of which place greater restrictions on the district court's discretion..." *Id.* (quoting *Williamson*, 645 F.2d at 415-16). As a general rule a claim cannot be dismissed for lack of subject-matter jurisdiction because of the absence of a federal cause of action." *Id.* (quoting *Williamson*, 645 F.2d at 415-16)...We follow these principles. *See Moore v. LaFayette Life Ins. Co.*, 458 F.3d 416, 444 (6th Cir. 2006)(quoting *Williamson* and explaining that when the basis of federal jurisdiction is intertwined with the plaintiff's cause of action, the court should assume jurisdiction over the case and decide the case on the merits).

Based upon the rationale in *Gentek*, we find the defendants' challenge to the amount in controversy constitutes a factual challenge Welch's contentions. Welch's allegations therefore support a finding of diversity jurisdiction, at least at this juncture.

The defendants' challenges are insufficient under Fed.R.Civ.P. 12(b)(6). The entity defendants offer the conclusory statement that they are distinct business entities. The motions contain nothing more than this bald assertion.

The complaint alleges that Lindberg, the principal, president, or manager of the various entity defendants, has actual control of the business affairs of those entities. Compl. ¶ 6. Paragraph 7 states that the entity defendants engage in business with Welch as if they are one entity without the delineation of separate corporate or limited liability entity status. Compl. ¶ 7. An affidavit of Harold S. Hauck, Jr., CPA, accompanied Welch's response to the motions to dismiss. As noted in *Gentek*, *supra*, in addressing a factual attack on the subject matter jurisdiction alleged in the complaint, the court has wide discretion to allow affidavits and other documents to resolve jurisdictional facts. 491 F.3d at 330. The Hauck affidavit, the only evidence offered on the jurisdiction question, states:

> 1. Hauck is the Controller for Welch. He is a certified public accountant, and has held the position of Controller with Welch for five years.
>
> 2. He has dealt with the entity defendants and Greg Lindberg for the past five years.
>
> 3. During each of the past five years, the entity defendants ordered hundreds of thousands of dollars of printing and related services from Welch's Louisville office on a regular and repeated basis, and Lindberg has been intimately involved in these transactions for that five-year period.

While brief, the statements do tend to support the allegations that Lindberg controlled the various entity defendants.

Lindberg, too, offers only argument of counsel, stating in conclusory fashion that he denies the allegations of the complaint and has never been to Kentucky to conduct business. He also states that the businesses are separate legal entities and should be treated as such. Lindberg urges that the plaintiff's claims are based solely upon the alleged failure of the defendants to pay invoices "net within 60 days." However, he does not address the claims that Lindberg made misrepresentations and/or omissions to Welch in Kentucky in order to induce Welch to extend credit to the various

entity defendants. Welch has claimed that Lindberg conducted the business affairs of the entity defendants, and that he caused tortious injury to Welch in connection with the entity defendants' systematic and ongoing business dealings with Welch in Kentucky.

Based upon the allegations of the complaint, we find Lindberg's challenge to the exercise of personal jurisdiction over him in Kentucky to be without merit. The complaint alleges that Lindberg personally availed himself of the privilege of doing business in Kentucky and that he caused tortious injury here. *Tobin v. Astra Pharmaceutical Prods., Inc.*, 993 F.2d 528, 542-43 (6th Cir. 1993). The motion to dismiss evidences nothing to the contrary, nor has Lindberg shown any basis for a change of venue to North Carolina.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that

1. The motion of the defendant, Practice Builders, LLC, to dismiss (DN 17) is **DENIED.**

2. The motion of the defendants, Eli Research, Inc. and Eli Research, LLC, to dismiss (DN 18) is **DENIED.**

3. The motion of the defendant, Coding Institute, LLC, to dismiss (DN 19) is **DENIED.**

4. The motion of the defendants, Zweig White Media, LLC, Zweig White, LLC, and ZweigWhite Media, LLC (DN 20) is **DENIED.**

5. The motion of the defendant, Greg E. Lindberg to dismiss, or alternatively, to transfer (DN 21) is **DENIED.**

**IT IS SO ORDERED.**